UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHADWICK KISTER,**

    **Plaintiff,**

    v.

**SOUTHEAST OHIO REGIONAL JAIL,** *et al.*,

    **Defendants.**

Case No. 2:21-cv-2278
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter comes before the Court on the Magistrate Judge's Report and Recommendation issued on June 4, 2021 (the "Report"), which recommended the denial of Plaintiff Chadwick Kister's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis*. (ECF No. 4.) Plaintiff timely objected to the Magistrate Judge's Report on June 14, 2021. (ECF No. 5.)

For the reasons started herein, the Court **OVERRULES** Plaintiff's objections, (ECF No. 5), **ADOPTS** the Magistrate Judge's Report, (ECF No. 4), and **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 3-1.)

**I.**

On May 5, 2021, Plaintiff, a pro se litigant, filed a complaint under 42 U.S.C. § 1983 against Defendants Southeast Regional Jail, Jail Warden Joshua Vanbibber, and two unnamed individuals for violating his Eighth Amendment right to avoid "cruel and unusual punishment" as set forth in the United States Constitution. (ECF No. 1-1.) On May 25, 2021, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (the "IFP Application"). (ECF No. 3-1.) On June

4, 2021, the Magistrate Judge recommended denial of Plaintiff's IFP Application because he did not sufficiently demonstrate that he qualified for *in forma pauperis* status. (ECF No. 4.) Ten days later, on June 14, 2021, Plaintiff objected to the Magistrate Judge's recommendation. (ECF No. 5.)

## II.

If a party objects within the allotted time to a magistrate judge's report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and that the reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

Plaintiff objects to the Magistrate Judge's recommendation that he be required to pay the Court's filing fee on two grounds. First, he argues that the fee, in and of itself, violates his constitutional rights. (*Id.* at PageID #26-27.) He also argues that, regardless of the fee's constitutionality, the Magistrate Judge erred in finding that he did not qualify for *in forma pauperis* status. (*Id.* at PageID #28.) Neither of Plaintiff's arguments is well taken.

### A. Plaintiff's Constitutional Objections

Plaintiff argues that this Court's standard filing fee is, on its face, unconstitutional under the Due Process Clauses of the Fourteenth and Fifth Amendments. (*Id.* at PageID #25-27.) His argument, liberally construed, is that this filing fee deprives him of access to the court system.

The court-imposed filing fee that Plaintiff challenges is required by federal law. *See* 28 U.S.C. § 1914 (mandating "[t]he clerk of each district court [to] require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350," as well as any "additional fees" as prescribed by the Judicial

Conference of the United States). The Fourteenth Amendment only applies to "actions by a State"—not the Federal Government. *See, e.g.*, *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n. 21 (1987). Thus, Plaintiff's Fourteenth Amendment challenge is not appropriate here.

The Fifth Amendment Due Process Clause—which *does* apply to actions by the Federal Government—is a more appropriate vessel for Plaintiff to bring his "access-to-courts" claim. *See Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989) ("The prisoner's right of access has been described as a consequence of the right to due process of law"). It is true that Plaintiff, as a general matter, has the right to meaningfully (*i.e.*, non-frivolously) access the court system. But that does not mean he is entitled to have his court access fully subsidized. Indeed, "[a] requirement that plaintiffs cover" some of the costs that allow federal courts to function "cannot be called unconstitutional," as "[t]he Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice." *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) (citing *Lewis v. Casey*, 518 U.S 343 (1996)); *see also Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir. 1998) (finding that the "three strikes" provision of 28 U.S.C § 1915—which bars "IFP prisoners" from qualifying for *in forma pauperis status* if three of their previous claims have been dismissed "on grounds of legal inadequacy, frivolousness, or malice"—did not offend substantive due process principles because "other avenues are available to IFP prisoner litigants to air meritorious grievance before the courts").

Here, Plaintiff had the opportunity to demonstrate that he qualified for *in forma pauperis* status and, as discussed below, simply did not do so. As frustrating as that may be, it does not mean that he did not have an "adequate" opportunity to litigate his claim. Accordingly, Plaintiff's Fifth Amendment objection to the Magistrate Judge's Report is **OVERRULED**.

B.  **Plaintiff's Objections to the Magistrate Judge's Denial of IFP Status**

Plaintiff argues in the alternative that, if the Court does not agree with his constitutional objections, it should find that the Magistrate Judge erred in determining that he did not qualify for *in forma pauperis* status.  (ECF No. 5 at PageID #28.)  As the Magistrate Judge correctly set forth in the Report, a plaintiff may only proceed *in forma pauperis* if he or she first demonstrates that payment of the court's filing fee would require him or her "to forego food, shelter, clothing, or some other necessity[.]" (ECF No. 4) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). As noted, the Magistrate Judge found that Plaintiff did not meet this threshold standard.  (ECF No. 4.)  This was because his IFP Application represented (i) that he had "almost $2,000 'in cash or in a checking or savings account" and (ii) that he owned property valued at $30,000.  (ECF No. 4 at PageID #23.)  The Magistrate Judge further recognized that Plaintiff had various debt obligations, but that none of them appeared to be sufficiently "onerous" in light of his "property and savings." (*Id.*)

Plaintiff objects to the Magistrate Judge's core factual findings above. (*See* ECF No. 5.) He states, for example, that he has "far less than a combined $2,000 in his bank accounts," and that the property he owns is similarly worth "far less" than $30,000.  (*Id.*)  But that is not what Plaintiff stated in his IFP Application. Rather, as the Magistrate Judge correctly noted, Plaintiff declared that he had (i) $1,720 stored in various bank accounts and (ii) a property in Nelsonville, Ohio valued at $30,000.  (ECF No. 3-1.)  Outside of his objections, Plaintiff has not provided the Court with any documentation (*e.g.*, a bank statement) that contradicts his sworn IFP Application. Thus, for the reasons the Magistrate Judge stated in the Report, the Court is satisfied that Plaintiff has not sufficiently demonstrated that he qualifies for *in forma pauperis* status.  Accordingly, Plaintiff's objections to the Magistrate Judge's IFP findings are **OVERRULED**.

## III.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, (ECF No. 5), **ADOPTS** the Magistrate Judge's Report, (ECF No. 4), and **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 3-1.) As recommended in the Report, Plaintiff is required to pay the Court's filing fee within **SEVEN (7) DAYS** of the date this Order is issued.

**IT IS SO ORDERED.**

**12/16/2021**                                                              s/Edmund A. Sargus, Jr.
**DATE**                                                                       **EDMUND A. SARGUS, JR.**
                                                                                        **UNITED STATES DISTRICT JUDGE**